# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

KAPLAN, et al.,

      Plaintiffs,  Civ. No. 09-646 (RWR)

  v.

HEZBOLLAH et al.,

      Defendants.

### PLAINTIFFS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

Plaintiffs respectfully submit this response to the order issued by the Court on September 28, 2010, which directed plaintiffs to "show cause in writing by October 8, 2010 why this case should not be dismissed for want of prosecution," in light of the fact that plaintiffs have neither filed proof of service on defendant Hezbollah by publication nor moved for entry of default judgment against defendant Democratic People's Republic of Korea. Dkt. # 20.

For the reasons set forth below, plaintiffs respectfully request that the Court's order to show cause be discharged:

1. This is a civil action under the Antiterrorism Act ("ATA"), 18 U.S.C. § 2333, and the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq*., on behalf of American citizens injured as the result of rockets fired by the Hezbollah terrorist organization with the aid and support of the Democratic People's Republic of Korea ("North Korea").

2. The named defendants in this action are Hezbollah and North Korea.

3. Plaintiffs initially sought to serve Hezbollah by serving Mohammed Fneish, a senior Hezbollah official who also serves as a minister in the Lebanese government, by DHL.

4. The DHL delivery to Fneish was successful, and plaintiffs filed a motion explaining Fneish's position in Hezbollah (supported by an expert declaration) and requesting an order approving the service on Fneish *nunc pro tunc* as valid service on Hezbollah pursuant to Fed.R.Civ.P. 4(f)(3). *See* dkt. # 16.

5. The Court granted plaintiffs' Fneish motion in part and ordered, *sua sponte*, that in addition to the service on Fneish plaintiffs must also publish notice of this action "in the three Lebanese newspapers with the largest national circulation twice per week in each newspaper on a staggered schedule to cover six days each week for a period of four weeks." Dkt. # 19.

6. Plaintiffs had difficulty obtaining reliable information as to which three Lebanese newspapers have the largest national circulation. Ultimately, plaintiffs' counsel called the Lebanese Embassy in Washington, D.C., in order to obtain authoritative information as to which three newspapers in Lebanon have the largest circulation. Plaintiffs' counsel spoke to the Secretary to the Lebanese Ambassador to the United States, who informed plaintiffs' counsel that the three largest-circulation newspapers in Lebanon are An-Nahar, Al-Akhbar and As-Safir.

7. Plaintiffs' counsel then made repeated efforts to contact An-Nahar, Al-Akhbar and As-Safir in order to arrange for the publication of the notices. Whether due to the language barrier or the nature of the request, or both, plaintiffs' counsel made no headway.

8. Plaintiffs then hired Marwan Abdel-Rahman, a native Arabic-speaker who works as an Arabic-English translator and interpreter in the New York area, to contact An-Nahar, Al-Akhbar and As-Safir and to arrange for the publication of the notices.

9. Mr. Abdel-Rahman's efforts to arrange for the publication of the notices ended in total failure, due to the nature of this action. *See* Exhibit A, *passim*.

10. Once they learned from Mr. Abdel-Rahman's experience that service by publication would be impossible, plaintiffs began researching other means of serving Hezbollah.

11. Plaintiffs discovered that Hezbollah's own television station, Al Manar, openly maintains offices in Beirut, Lebanon.

12. Plaintiffs have therefore filed a motion pursuant to Fed.R.Civ.P. 4(f)(3) seeking leave to serve Hezbollah via international courier delivery to the offices of Al Manar. Dkt. # 22.

13. Until now plaintiffs had not moved for default judgment against defendant North Korea because they believed it would be most efficacious to first complete service on Hezbollah and then (if Hezbollah defaults, which unfortunately appears likely), to seek default judgment against North Korea and Hezbollah at the same time.

14. However, in light of the Court's order to show cause, which appears to express, at least implicitly, the Court's preference that plaintiffs move for default judgment against North Korea without delay, plaintiffs have now filed such a motion. Dkt. # 21.

15. In sum, therefore, the plaintiffs have moved for default judgment against North Korea and have moved for leave to effect alternative service on Hezbollah, after service by publication proved impossible.

**WHEREFORE**, the order to show cause should be discharged.

Plaintiffs, by their attorneys,

THE BERKMAN LAW OFFICE, LLC
*Counsel for Plaintiffs*

By: /s/ Robert J. Tolchin
Robert J. Tolchin
(D.C. Bar #NY0088)
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
Fax: (718) 504-4943

TARNOR, PLLC
Nathaniel A. Tarnor
(D.C. Bar No. 985457)
1200 G Street, NW, Suite 800
Washington, DC 20005
Tel: (202) 684-8172

NITSANA DARSHAN-LEITNER & CO.
(Israeli co-counsel)
Nitsana Darshan-Leitner
10 Hata'as Street
Ramat Gan, 52512 Israel