UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT - 1 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

CHAIM KAPLAN, *et al.*,

    Plaintiffs,

v.

HEZBOLLAH, *et al.*,

    Defendants.

Civil Action No. 09-646 (RCL)

## ORDER APPOINTING SPECIAL MASTER

Pursuant to its authority to appoint special masters "to hear damage claims brought under" 28 U.S.C. § 1605A and similar authority provided by Federal Rule of Civil Procedure 53, the Court today appoints a special master to take evidence and file a report and recommendation regarding the measure of individual damages for which defendants Iran and North Korea are liable in this case and the related matter *Kaplan v. Central Bank of the Islamic Republic of Iran*, Civil Action No. 10-483. *See* 28 U.S.C. § 1605A(e)(1); Fed. R. Civ. P. 53(a)(1)(B).

On July 2, 2010, in *O'Brien v. Islamic Republic of Iran*—a case also arising under the state-sponsor of terrorism exception in the Foreign Sovereign Immunities Act—the Court adopted an Administrative Plan Governing Special Masters. *O'Brien v. Islamic Republic of Iran*, Civil Action No. 06-690, ECF No. 29, attached to this Order as Exhibit A-2 to the Declaration of Alan Balaran. In accordance with Rule 53 of the Federal Rules of Civil Procedure, the Plan sets forth potential masters' qualifications, duties, powers, compensation method, and method of appointment. According to the Plan, in appointing a master the Court must examine the potential master's curriculum vitae as well as an affidavit by the potential master indicating that he has

read and will abide by the Plan if appointed. *Id.* at 2. Rule 53 additionally requires that a potential master "file[] an affidavit disclosing whether there is any ground for [his] disqualification under 28 U.S.C. § 455." Fed. R. Civ. P. 53(b)(3)(A).

In its Order granting a default judgment against Iran and North Korea in these cases, the Court expressed its intention to appoint a special master regarding the question of individual damages. ECF No. 56. The Court suggested a potential candidate for the position, Alan Balaran, but permitted the plaintiffs to submit any other suggested candidates within 15 days of the Order. *Id.* Plaintiffs having elected not to suggest any other options, the Court will proceed on its own motion.

Therefore, upon consideration of Alan Balaran's attached declaration and curriculum vitae, it is hereby

**ORDERED** that the Administrative Plan Governing Special Masters adopted in *O'Brien v. Islamic Republic of Iran*, Civil Action No. 06-690, ECF No. 29, attached hereto as Exhibit A-2 to Mr. Balaran's declaration, is adopted in this case; and it is further

**ORDERED** that, in accordance with the Court's Administrative Plan, Mr. Balaran is appointed as a special master of the Court in this case; and it is further

**ORDERED** that, in addition to satisfying the obligations imposed on Mr. Balaran by the Administrative Plan, Mr. Balaran shall take and report on evidence of each plaintiff's qualification for relief under § 1605A(c) and the familial relationships between plaintiffs and victims of the rocket attacks in Israel committed between July 12, 2006 and August 14, 2006 that are the subject of this lawsuit.

The Clerk of the Court shall file on the docket of this case Mr. Balaran's attached declaration and the documents attached thereto: Mr. Balaran's curriculum vitae (marked as Exhibit A-1) and the Court's Administrative Plan (marked as Exhibit A-2).

It is **SO ORDERED**.

Signed by Royce C. Lamberth, United States District Judge, on October 1, 2014.