UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAIM KAPLAN *et al.*,<br>    Plaintiffs,<br><br>v.<br><br>HEZBOLLAH *et al.*,<br>    Defendants. | Case No. 09-cv-646 (RCL) |

## MEMORANDUM OPINION

Plaintiffs now ask the Court to sever their Anti-Terrorism Act (ATA) claim against defendant Hezbollah and to transfer the claim to the United States District Court for the Eastern District of New York. Pls.' Mot. to Transfer Venue, ECF No. 94. Hezbollah does not oppose this motion, as it has failed to appear in this case, resulting in default being entered against it in February 2011. Default, ECF No. 30.

**I.    Background**

This action arises out of a series of rocket attacks by Hezbollah on civilians in Israel during a 34-day conflict in 2006 along the border between Israel and Lebanon. The plaintiffs allegedly suffered injuries in these attacks. The complaint asserted three types of claims: (1) ATA, 18 U.S.C. § 2333(a), claims by the plaintiffs against Hezbollah, Compl. ¶¶ 52–60 (Claim I), ECF No. 5 [hereinafter Compl.]; (2) Foreign Sovereign Immunities Act (FSIA) state-sponsor of terrorism, 28 U.S.C. § 1605A(c)–(d), claims by the plaintiffs against North Korea and North Korean officials, Compl. ¶¶ 61–72 (Claims II & III); and (3) tort claims by certain plaintiffs against North Korea, North Korean officials, and Hezbollah, Compl. ¶¶ 73–86 (Claims IV, V, & VI).

1

In 2013, this Court issued an opinion in the related case *Kaplan v. Central Bank of the Islamic Republic of Iran*, 961 F. Supp. 2d 185 (D.D.C. 2013), regarding similar claims against different defendants for the same rocket attacks at issue in this case. This Court dismissed the ATA claims in the related matter based on the ATA's act-of-war exception. *Id.* at 203–04. The ATA's act-of-war exception provides that "[n]o action shall be maintained under section 2333 of [title 18 of the U.S. Code] for injury or loss by reason of an act of war." 18 U.S.C. § 2336(a). The term "act of war" is defined by the ATA as to include "any act occurring in the course of" any of the following: a "declared war," an "armed conflict, whether or not war has been declared, between two or more nations," or an "armed conflict between military forces of any origin." *Id.* § 2331(4). At time of the 2013 opinion, the term "military force" was not defined. This Court issued an order adopting the reasoning of the opinion in the related matter and dismissed plaintiffs' ATA claim against Hezbollah. Order, ECF No. 50.

Subsequently, this Court addressed the FSIA claims against North Korea in a 2014 opinion. Memorandum Opinion, ECF No. 57. This Court determined that North Korea provided material support to Hezbollah for the rocket attacks and ruled in favor of the plaintiffs regarding the FSIA claims against North Korea. *Id.* The Court treated the tort claims against North Korea as subsumed in the FSIA claims. *See id.* Once the plaintiffs succeeded on their FSIA claims against North Korea, they had obtained all of the relief they sought for all of the injuries they alleged—"any separate recovery on those claims would have been fully redundant." *Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 509 (D.C. Cir. 2018). In 2015, plaintiffs voluntarily dismissed their tort claims against Hezbollah. ECF No. 63.

In July 2018, the D.C. Circuit vacated this Court's dismissal of the ATA claim against Hezbollah and remanded for further proceedings. *Kaplan*, 896 F.3d at 501. The D.C. Circuit

concluded that this Court first needed to determine that it has personal jurisdiction over defendant Hezbollah before applying the ATA's act-of-war exception. *Id.* at 512–14. In October 2018, the President signed the Anti-Terrorism Clarification Act of 2018 (ATCA) into law, which amended the ATA to eliminate the "act of war" defense in new or pending ATA actions where the attack at issue was carried out by a designated "foreign terrorist organization." Anti-Terrorism Clarification Act of 2018, Pub. L. 115-253, § 2 (codified at 18 U.S.C. § 2331). Hezbollah has been continuously designated a "foreign terrorist organization" since 1997, making the act-of-war exception no longer applicable to this case.

## II. Discussion

The ATA provides that "[a]ny civil action under section 2333 of this title against any person may be instituted in the district court of the United States for any district where any plaintiff resides or where any defendant resides or is served, or has an agent. Process in such a civil action may be served in any district where the defendant resides, is found, or has an agent." 18 U.S.C. § 2334(a). The first sentence of § 2334(a) is the venue provision and the second sentence is the nationwide service provision. In *Wultz v. Islamic Republic of Iran*, 762 F. Supp. 2d 18 (D.D.C. 2011), this Court held that an ATA plaintiff may only rely on a defendant's nationwide jurisdictional contacts when the plaintiff complies with the ATA's venue provision. Absent that, an ATA plaintiff must demonstrate that the defendant has sufficient jurisdictional contacts with the individual forum in which the ATA action was brought.

Plaintiffs concede that they are not aware of any basis for venue under § 2334(a) in this case. Thus, under *Wultz*, plaintiffs cannot rely on Hezbollah's nationwide jurisdictional contacts, and must show sufficient jurisdictional contacts between Hezbollah and the District of Columbia

for venue to be proper in this Court. However, plaintiffs again concede that they are unaware that Hezbollah has any D.C. contact. Accordingly, this Court lacks jurisdiction over Hezbollah.

The Court is left with two options: dismiss the case for lack of personal jurisdiction or transfer the case to a district where it could have been brought. 28 U.S.C. § 1631 authorizes this Court to transfer a case over which it lacks jurisdiction to any other court where the action originally could have been brought as long as the transfer is in the "interest of justice." 28 U.S.C. § 1631.

Plaintiffs point to the U.S. District Court for the District of Massachusetts' decision in *Lelchook v. Islamic Republic of Iran*, 224 F. Supp. 3d 108 (D. Mass. 2016), in support of their argument that this Court should transfer the ATA claim against Hezbollah to the E.D.N.Y. In *Lelchook*, plaintiffs brought an ATA suit against Bank Saderat PLC (BSPLC), among other claims against multiple other defendants. The claims at issue in *Lelchook* involved different rocket attacks carried out by Hezbollah during the same conflict at the heart of this case along the border between Israel and Lebanon. The *Lelchook* plaintiffs included several assertions regarding BSPLC's alleged use of the New York banking system to funnel money to Hezbollah. *See Lelchook*, 224 F. Supp. 3d at 112, 116 (D. Mass. 2016). The *Lelchook* court assessed that there was likely personal jurisdiction in New York based on plaintiffs' allegation that BSPLC transferred funds to Hezbollah through the U.S. financial system that was likely routed through New York. The court found that New York law had supported the exercise of personal jurisdiction in similar circumstances. *See Lelchook*, 224 F. Supp. 3d at 117 (citing *Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327, 340 (N.Y. 2012) (finding personal jurisdiction over a foreign bank that maintained and utilized a correspondent account in New York to process dollar-denominated transactions similar to those at

issue in *Lelchook*)). Thus, the court found that it was in the interest of justice to transfer the case to the E.D.N.Y. pursuant to 28 U.S.C. § 1631.

Similarly, this Court now finds that it is in the interest of justice to sever plaintiffs' ATA claim against Hezbollah and to transfer the claim to the E.D.N.Y. The *Lelchook* plaintiffs' jurisdictional allegations are also applicable to the claims against Hezbollah in this case. The *Lelchook* suit is premised on BSPLC's alleged financial support for Hezbollah, the defendant in this case, which "enable[ed] and caus[ed] Hezbollah to carry out terrorist attacks against American and Israeli targets." *Kaplan v. Cent. Bank of the Islamic Republic of Iran*, Compl., ECF No. 3, ¶ 35; *Lelchook*, Amend. Compl., ECF No. 81, ¶ 109–12. Further, both of these ATA suits result from Hezbollah's rocket attacks during the same conflict. Accordingly, despite the fact that the plaintiffs in this case did not specifically make allegations regarding Hezbollah's contacts with New York, the Court finds that it is appropriate to look to *Lelchook*'s discussion on personal jurisdiction given how closely related these cases are. In the related matter of *Kaplan v. Cent. Bank of the Islamic Republic of Iran*, Civ. No. 10-483, ECF No. 77 (D.D.C. May 14, 2019), this Court also found it appropriate to look to *Lelchook* and concurred with the *Lelchook* court's determination that New York plausibly has jurisdiction over the ATA claims against BSPLC in that case.

Plaintiffs now argue that if Hezbollah directed BSPLC's transfer of funds to be routed through New York, then Hezbollah would likely be subject to personal jurisdiction in New York in this case. This factual question will require jurisdictional discovery to resolve. And this Court's decision to grant the motion to transfer the ATA claims against BSPLC to the E.D.N.Y. in the related case indicates that judicial efficiency likely favors transferring this claim against Hezbollah to the E.D.N.Y. as well. It is plausible that New York has jurisdiction over the ATA claim against

Hezbollah. Therefore, the Court finds that it is in the interest of justice to transfer this case to the Eastern District of New York pursuant to 28 U.S.C. § 1631.

### III. Conclusion

The Court will sever and transfer the ATA claim against Hezbollah to the United States District Court for the Eastern District of New York. All remaining claims in this case have been addressed. Therefore, the Court will terminate this case on the active dockets in accordance with the final judgments issued in this matter. A separate order shall issue.

SIGNED this 14th day of May, 2019.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Royce C. Lamberth
　　　　　　　　　　　　　　　　　　　United States District Judge