```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
RIVKA KAPLAN *et al.*,                                      :
                                                            :
                              Plaintiffs,                   :   **MEMORANDUM DECISION**
                                                            :   **AND ORDER**
               - against -                                  :
                                                            :   19-cv-3187 (BMC)
HEZBOLLAH,                                                  :
                                                            :
                              Defendant.                    :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This case was commenced in 2009 in the District of Columbia. In October 2018, after nearly ten years of litigating against North Korea and their claims against it being resolved, plaintiffs moved to transfer their Anti-Terrorism Act claim against Hezbollah to this District, arguing that this Court has personal jurisdiction over defendant Hezbollah. Judge Lamberth severed the claim against Hezbollah only and transferred it here in May 2019. It sat completely dormant until, on February 14, 2020, I ordered plaintiffs to show cause why the case should not be dismissed as abandoned. Plaintiffs responded in a short letter that they still are not sure whether personal jurisdiction is proper in New York and, accordingly, they "may wind up deciding to discontinue the case against Hezbollah."

Rule 41(b) of the Federal Rules of Civil Procedure "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1962)). A district court considering a Rule 41(b) dismissal must weigh five factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to

> strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

Alvarez v. Simmons Market Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988) (internal quotation marks, omissions, and alterations omitted) (citing Harding v. Fed. Reserve, 707 F.2d 46, 50 (2d Cir. 1983)).

Even where a plaintiff fails to comply with a court order that warns of possible dismissal, "the court must still make a finding of willfulness, bad faith, or reasonably serious fault" through an evaluation of these factors. Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (internal quotations omitted). Although I do not regard the pending claim with any less gravity than it is due, the Alvarez factors counsel in favor of dismissal.

Setting aside the decade of litigation leading up to the transfer of this case, plaintiffs have had nearly a year and a half since they requested transfer here to determine whether Hezbollah is subject to personal jurisdiction in New York. Yet, in their own words, plaintiffs have thus far not been able to "work[] out a solution" to that problem. This substantial delay is magnified by the fact that the basis upon which transfer was requested was the belief, as expressed to Judge Lamberth, that "the federal courts in New York can exercise personal jurisdiction over Hezbollah in this action."

It is unlikely that plaintiffs need another two weeks to do something that should have been done years ago. Plaintiffs do not have a good reason to let this case wait on the docket any longer. Given the history, posture, and realities of this case, there is no other "lesser sanction" that seems more appropriate than dismissal. See Alvarez, 839 F.2d at 932.

Plaintiffs were given notice that I was considering dismissing this case and the only "cause" they could show not to after ten years of litigation was a short note to me to advising that

2

they might "wind up deciding" to dismiss it themselves.  I assume that is the best they can do, and it is not nearly sufficient good cause after this length of time.

## CONCLUSION

The Clerk is directed to enter judgment, dismissing the case.[1]

**SO ORDERED.**

                                                                                  U.S.D.J.

Dated: Brooklyn, New York
       February 23, 2020

---

[1] Judge Lamberth's decision made it clear that he was"sever[ing] and transfer[ing] the ATA claim against Hezbollah" to this district, and that "[a]ll remaining claims in this case have been addressed."  The Clerk thus should not have listed on the docket the other original defendant, Democratic People's Republic of Korea *also known as* North Korea, upon receipt of the severed claim, since the District of Columbia had already disposed of the claim against that defendant prior to transfer.  The Clerk is therefore directed to terminate North Korea from the docket, which will leave the case ripe for final dismissal.