20-1053-cv
*Kaplan v. Hezbollah*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand twenty-one.

PRESENT: JOHN M. WALKER, JR.,
DENNY CHIN,
   *Circuit Judges*,
PAUL A. ENGELMAYER,
   *District Judge*.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CHAIM KAPLAN, RIVKA KAPLAN, MENACHEM KAPLAN, CHANA KAPLAN, ARYE LEIB KAPLAN, EFRAIM KAPLAN, MICHAEL FUCHS, AVISHAI REUVANE, YAIR MOR, THEODORE GREENBERG, MAURINE GREENBERG, JACOB KATZMACHER, DEBORAH CHANA KATZMACHER, CHAYA KATZMACHER, MIKIMI STEINBERG, JARED SAUTER HACHEZEL, DANIELLE SAUTER HACHEZEL, ELISHEVA ARON, CHAYIM KUMER, NECHAMA KUMER, KEREN ARDSTEIN, BRIAN ARDSTEIN, MA'AYAN ARDSTEIN,

---

[*] Judge Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

CERTIFIED COPY ISSUED ON 04/22/2021

NOA ARDSTEIN, ARIEL CHAIM ARDSTEIN, NETIYA
YESHUA ARDSTEIN, LAURIE RAPPEPORT, MYRA
MANDEL MESHEK, MUSHKA KAPLAN, MARGALIT
RAPPEPORT, MYRA MANDEL, JARED SAUTER,
DANIELLE SAUTER,

      *Plaintiffs-Appellants*,

    v.          20-1053-cv

HEZBOLLAH, AKA HIZBULLAH, AKA HIZBOLLAH,
AKA HEZBALLAH, AKA HIZBALLAH,

      *Defendant-Appellee*.†

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:  Robert J. Tolchin (David Tolchin, *on the brief*),
                The Berkman Law Office, LLC, Brooklyn, New
                York.

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED**.

Plaintiffs-appellants, American citizens who allege that they were injured by the activities of defendant-appellee Hezbollah in Israel, appeal from the district court's dismissal for failure to prosecute their claims brought pursuant to the Anti-

---

†  The Clerk of the Court is directed to amend the caption in accordance with the above. The Democratic Republic of North Korea was a defendant in this action when the case was pending in the United States District Court for the District of Columbia, but only the claims against Hezbollah were transferred to the court below.

Terrorism Act, 18 U.S.C. § 2333(a).  In a Memorandum Decision and Order filed February 24, 2020, the district court dismissed plaintiffs' claims with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A district court may dismiss an action pursuant to Rule 41(b) if "the plaintiff fails to prosecute or to comply with [the] rules or a court order." Fed. R. Civ. P. 41(b).  In determining whether dismissal is warranted, a district court must consider five factors:

> "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

"No single factor is generally dispositive." *Id*.  Even where the court issues an order to show cause and the plaintiff fails to comply, the court must make a finding of "willfulness, bad faith, or reasonably serious fault" by evaluating those criteria before dismissing the case. *Id*. at 217.  Dismissal is "a harsh remedy to be utilized only in extreme situations." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d

Cir. 2004) (internal quotation marks omitted). This Court reviews a Rule 41(b) dismissal for failure to prosecute for abuse of discretion. *Id.*

Here, while the district court recited the five factors in its brief order, it did not fully discuss the factors, as it should have. In particular, the district court did not discuss whether a brief extension with a more explicit warning would have been effective in moving the case along, and so had not adequately considered the possibility of a less drastic sanction. The court also failed to make a clear finding of willfulness, bad faith, or serious fault, as required. Nor did the district court acknowledge the interplay between this case and the live and largely parallel lawsuit brought by, *inter alia*, the same plaintiffs in *Kumer v. Hezbollah*, 18 Civ. 7449 (CBA), or the possibility, noted on appeal by plaintiffs, that the dismissal of this case with prejudice might be taken to extinguish plaintiffs' claims in *Kumer*.

We express no view as to whether dismissal is warranted in the circumstances here; we conclude only that the district must engage in a more detailed analysis of the five factors to be weighed in determining whether dismissal for failure to prosecute is warranted.

* * *

Accordingly, the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit