UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHAIM KAPLAN, *et al.*,<br><br>                  Plaintiffs-Judgement Creditors,<br><br>-against-<br><br>HEZBOLLAH,<br><br>                  Defendant-Judgement Debtor,<br><br>-and-<br><br>STANDARD CHARTERED BANK,<br><br>                  Respondent-Garnishee. | Case No. 19-cv-03187 (BMC)(ST)<br><br>**RESPONDENT'S RESPONSE TO PLAINTIFFS' MOTION FOR TURNOVER ORDER PURSUANT TO N.Y. C.P.L.R. § 5225, 28 U.S.C. § 1610(g) AND TRIA § 201(a)** |

Respondent, Standard Chartered Bank, New York Branch ( "Respondent-Garnishee" or "SCB"), by its undersigned attorneys, for its response to Plaintiffs' motion for turnover order pursuant to Pursuant to Rule 69(a)(1) of the Federal Rules of Civil Procedure, New York Civil Practice Law and Rules §§ 5225(b) and 5227, and § 201(a) of the Terrorism Risk Insurance Act, states as follows:

On August 29, 2019, Office of Foreign Assets Control (OFAC) designated Jammal Trust Bank ("JTB") as a sanctioned party, which required Respondent-Garnishee to block any accounts held by SCB. Blocking accounts results in a hold on the assets and release of those assets (or unblocking) generally requires guidance and/or authorization from OFAC. JTB has been in liquidation for the past three years following the imposition of OFAC sanctions on it in 2019. Since that time, OFAC has issued licenses that authorize SCB to unblock funds from JTB's blocked account in order to pay for outside forensic auditing and other professional

1

services. Pursuant to these OFAC licenses, SCB has/has not paid the service provider(s) from the

blocked accounts. After these payments, approximately $2.5 million remain in the blocked JTB

account maintained by SCB.

Respondent takes no position with respect to whether Petitioners are entitled to the

monies requested under the Turnover Motion. Respondent further notes that it has filed its report

to OFAC pursuant to 31 CFR 501.605 and is engaging with the agency to determine whether a

license is required, a general license applies, or other laws, such as Section 201(a) of the

Terrorism Risk Insurance Act and Section 1610(g) of the Foreign Sovereign Immunities Act may

be invoked to authorize any transfers ordered by the Court. Immediately upon receipt of

guidance from OFAC, and any orders issued by the Court, Respondent remains prepared to

deliver any Blocked Assets, lawfully released and ordered to be released, in accordance with a

final determination in this proceeding. A copy of this Response will be filed with on OFAC, so

that the agency may advise whether additional requirements apply, such as the need for a specific

license.

Dated: March 21, 2023                          Respectfully submitted,

                                               */s/ R o b i n   N u n n*
                                               Robin Nunn
                                               **MORGAN, LEWIS & BOCKIUS LLP**
                                               101 Park Avenue
                                               NY Bar Number: 4540571
                                               New York, New York 10178
                                               Telephone:      (212) 309-6000
                                               Facsimile:      (212) 309-6001
                                               robin.nunn@morganlewis.com
                                               *Attorney for Respondent-Garnishee Standard*
                                               *Chartered Bank*

2